```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                              :    Chapter 7
                                                   :
YOGA SMOGA, INC.,                                  :    Case No. 16-13538-MEW
                                                   :
                              Debtor.              :
-----------------------------------------------------------------x
```

**ORDER, PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND BANKRUPTCY RULE 6004, (i) AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS AT AN AUCTION SALE CONDUCTED BY THE TRUSTEE'S AUCTIONEERS, MALTZ AUCTIONS, INC., TO THE HIGHEST OR BEST BIDDER(S), IN "AS IS" AND "WHERE IS" CONDITION, FREE AND CLEAR OF ALL LIENS; (ii) ESTABLISHING TERMS AND CONDITIONS OF SALE; AND (iii) APPROVING FORM AND MANNER OF NOTICE**

Upon the application, dated June 26, 2018 (the "Application"), of Yann Geron (the "Trustee"), the chapter 7 trustee of the estate of Yoga Smoga, Inc. (the "Debtor"), the above-captioned debtor, for an order, pursuant to 11 U.S.C. §§ 105 and 363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the sale of the Debtor's assets as described in the Application (collectively, the "Assets"), at an auction sale conducted by the Trustee's duly-retained auctioneers, Maltz Auctions, Inc. ("Maltz"), to the bidder(s) deemed, in the Trustee's sole discretion, to have submitted the highest or best offer(s), free and clear of all liens, claims and encumbrances, (ii) establishing terms and conditions of sale, and (iii) approving form and manner of notice; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the hearing on the Application and the relief requested herein having been provided; and it appearing that no other or further notice need be provided; and the relief requested

in the Application being in the best interests of the Debtor's estate and its creditors; and the Trustee having represented that the contemplated advertising of the auction of the Assets, and opportunities to inspect the Assets, have been done prior to the hearing of the Application, and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and a hearing on the Application having been held before this Court on July 17, 2018 (the "Hearing"); and upon record of the Hearing, which is incorporated herein by reference and after due deliberation and sufficient cause appearing therefore

*IT IS HEREBY FOUND AND DETERMINED THAT*:

A. Good and sufficient notice of the Application and the relief sought therein has been given, and no other or further notice is required, except as ordered below.

B. A reasonable opportunity to object or to be heard regarding the relief requested in the Application has been given.

C. The terms and conditions of sale, substantially in the form annexed hereto as Exhibit 1, are fair, appropriate, adequate and reasonable, and are designed to maximize the estate's recovery on the Assets (the "Terms and Conditions of Sale").[1] The Terms and Conditions of Sale are incorporated in this Order and made a part hereof.

D. The notice of the hearing on the Application and the notice of the Auction Sale directed below, are good, appropriate, adequate and sufficient, and are reasonably calculated to provide all interested parties with timely notice of the Auction Sale and the terms and conditions related to sale of the Assets.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Terms and Conditions of Sale.

2

E.  Entry of this Order is in the best interests of the Debtor's estate, its creditors and other parties-in-interest, as the Trustee will, among other things, ensure that the Assets are sold at an open auction where the highest or best offer(s) for the Assets will be promptly solicited and ensure that the estate's administrative costs are minimized.

*NOW, THEREFORE, IT IS HEREBY ORDERED THAT*:

1. The relief requested in the Application is granted to the extent set forth herein.

2. Any objections to the entry of this Sale Order that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein, are hereby overruled.

3. The Terms and Conditions of Sale, as set forth on Exhibit 1 annexed hereto, are hereby approved in their entirety. All proceedings relating to (i) the submission, consideration, qualification, and acceptance of bids; (ii) the conduct of the Auction Sale; and (iii) the identification and determination of the successful bidder(s) shall be governed by and conducted in accordance with the Terms and Conditions of Sale.

4. Any person wishing to submit an offer for the Assets must do so in accordance with the Terms and Conditions of Sale. The failure in this Order to include specific reference to any particular provision, section, or article of the Terms and Conditions of Sale shall not diminish or impair the effectiveness of the Terms and Conditions of Sale, it being the intent of this Court that the Terms and Conditions of Sale be authorized and approved in their entirety and incorporated herein by reference.

5. The Trustee shall conduct the Auction Sale in accordance with the Terms and Conditions of Sale.

6. As soon as is practicable after the entry of this Sale Order, the Trustee shall, by and through Maltz, take such actions as he deems necessary to obtain the highest or best offer(s) for

3

the Assets at the Auction Sale, which may include some or all of the following: (i) make the Assets and any other relevant documentation concerning the Assets available to any parties that have shown interest in the Assets and all known parties who have previously purchased assets of the type similar to the Assets; (ii) post an auction specific web page on Maltz's website; (iii) send weekly e-mail notifications about the Auction Sale to Maltz mailing list subscribers, and (iv) allow the inspection of the Assets on the morning of the Auction Sale.

7. The Trustee is hereby authorized and empowered to sell, transfer, convey, and assign the Assets, to the successful bidder(s) at the Auction Sale.

8. Upon consummation of any sale of the Assets at the Auction Sale, the Assets shall be transferred to the successful bidder(s) free and clear of all liens, claims and encumbrances, and all persons and entities, including, but not limited to creditors, equity security holders, governmental, tax, and regulatory authorities, secured lenders, holding any and all liens, claims and encumbrances in and to the Assets, against or in the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent), or arising under, in connection with, or in any way relating to the Assets, hereby are forever barred, estopped and permanently enjoined from asserting against the successful bidder(s), its designee(s) or its successors or assigns, or the Assets, such persons' or entities' liens, claims and encumbrances in and to the Assets.

9. This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets. Each and every

federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transaction contemplated at the Auction Sale.

10. Pursuant to Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry.

11. The above-ordered notice is deemed sufficient and proper notice of the Auction Sale, the Terms and Conditions of Sale, and the other relief requested in the Application, and any requirements for other notice under the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules are waived and dispensed with.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.

13. Notwithstanding any provision in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Trustee is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and the Trustee may, in his discretion and without further delay, take any action and perform any act authorized under this Order.

Dated: New York, New York  
July 17, 2018

/s/ **Michael E. Wiles**  
Honorable Michael E. Wiles  
United States Bankruptcy Judge

**Exhibit 1 to Sale Order**
**(Terms and Conditions of Sale)**

16-13538-mew    Doc 264    Filed 07/17/18    Entered 07/17/18 14:51:06    Main Document
Pg 6 of 10

**YOGA SMOGA, INC., DEBTOR; CASE NO. 16-13538-MEW**
**TERMS AND CONDITIONS OF SALE**

1. These Terms and Conditions of Sale are promulgated in connection with the public auction sale (the "Auction Sale") of the assets of the estate identified herein (the "Assets"), and all sale terms or procedures not specifically described herein shall be at the sole discretion of Yann Geron (the "Trustee"), as chapter 7 trustee of the estate (the "Estate") of Yoga Smoga, Inc. (the "Debtor"), whose chapter 7 case is pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), under case no. 16-13538-MEW. The Auction Sale is conducted pursuant to Section 363 of the Bankruptcy Code.

2. **The Assets to be sold at the Public Auction Sale consist of the following lots (the "Lots")**:

    A. Entirety Bid ("Lot A"): The Debtor's intellectual property including logos, trademarks and trade name of said business, to-wit, "Yoga Smoga, Inc."; all of the unfinished inventory/raw materials located at 502 Bedford Street, Fall River, Massachusetts (the "MA Premises"); and all of the finished inventory located at Maltz Auctions Inc.'s (the "Auctioneer") warehouse at 39 Windsor Place, Central Islip, New York 11722 (the "NY Premises").

    B. Intellectual Property Bid ("Lot B"): The Debtor's intellectual property including logos, trademarks and trade name of said business, to-wit, "Yoga Smoga, Inc."

    C. Bulk Unfinished Inventory Bid ("Lot C"): A bulk bid consisting of all unfinished inventory/ raw materials of the Debtor located at the MA Premises.

    D. Bulk Finished Inventory Bid ("Lot D"): A bulk bid consisting of all finished inventory of the Debtor located at the NY Premises.

    E. Lot Bids ("Lot E"): Bids on individual lots of the finished inventory of the Debtor located at the NY Premises, which will be further identified in the Auctioneer's auction catalog.

3. The Sale of the Assets will take place on July 19, 2018 (the "Auction Date") at 11:00 a.m. at the NY Premises. For further details pertaining to the Auction Sale of the Assets, please visit the Auctioneer's website, www.MaltzAuctions.com or contact the Auctioneer at (516) 349-7022.

4. All bidders must deliver to the Auctioneer a minimum 25% deposit (the "Deposit") by bank check, certified funds or wire transfer upon knockdown of the bid(s).

5. All bidders hereby acknowledge that they are not related in any way to the Trustee, the Auctioneer, or the Trustee's retained professionals (Reitler Kailas & Rosenblatt LLC and EisnerAmper LLP).

6. It is understood that the Assets are being sold and delivered **"AS IS" "WHERE IS", "WITH ALL FAULTS"**, without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and free and clear of all monetary liens, claims and encumbrances of any kind or nature whatsoever with any such liens, claims, interests and encumbrances, if any, to attach to the proceeds of Sale in such order and priority as they existed immediately prior to the Sale date. All bidders acknowledge that they have conducted their own due diligence in connection with the Assets, and are not relying on any information provided by the Trustee, the Auctioneer, or the Trustee's retained professionals. The Trustee, the Auctioneer, and the Trustee's retained professionals have not made and do not make any representations, guarantees, or warranties with respect to the permissible uses of the Assets, the physical condition, or any other matter or thing affecting or related to the Assets or the Sale, that might be pertinent to the purchase of the Assets. All bidders hereby expressly agree and acknowledge that no such representations, guarantees, or warranties have been made. The Trustee, the Auctioneer, and the Trustee's retained professionals are not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Assets, made or furnished by Trustee, the Auctioneer, or the Trustee's professionals unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing and acknowledged by the Trustee.

7. The Auctioneer has been retained by an order of the Bankruptcy Court and is entitled to be paid a ten percent (10%) buyer's premium payable by the successful bidder(s). The Trustee, the Auctioneers, the Trustee's retained professionals, and the Estate are not liable or responsible for the payment of fees of any broker or agent that has not been retained by an order of the Bankruptcy Court.

8. Nothing contained in these Terms and Conditions of Sale are intended to supersede or alter any provisions of the Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court. The Trustee reserves the right to modify the Terms and Conditions of the Sale, including at the Sale and thereafter, consistent with the provisions of the Bankruptcy Code and/or orders of the Bankruptcy Court.

9. All bidders represent that they have not and will not collude with any other bidders on the Assets to artificially impact the Auction Sale price. Bidder acknowledges that such activity is a crime punishable by federal law.

10. These Terms and Conditions of Sale shall be read into the record or specifically incorporated by reference at the Auction Sale. By making a bid, all bidders shall be deemed to have acknowledged that they have read these Terms and Conditions of Sale and agree to be bound by them.

11. The Trustee shall be a party to the Auction Sale of the Assets exclusively in his capacity as a bankruptcy trustee and not in his individual capacity. If the Trustee is unable to deliver title to the Assets in accordance with these Terms and Conditions of Sale for any reason whatsoever, his only obligation will be to refund the Deposit(s) to the successful bidder(s) and, upon receipt of the refund(s), the successful bidder(s) will have no recourse or claim in law and/or equity against the Trustee, the Auctioneer, the Trustee's retained professionals, or the Estate.

12. The Trustee reserves his right to withdraw any or all of the Assets from the Auction Sale, either prior, or subsequent to the Auction Sale, for any reason whatsoever, as he deems necessary or appropriate.

13. The Trustee has the sole discretion to determine the highest or best bid(s) for the Auction Sale of the Assets. The Auctioneer, upon consultation with the Trustee, will advise the successful bidder(s) of such status by the close of the Auction Sale. Any disputes concerning the Auction Sale shall be determined by the Bankruptcy Court. By participating in the Auction Sale, all bidders consent to the jurisdiction of the Bankruptcy Court to determine any disputes arising in connection with their bids or the resulting transactions.

### ENTIRETY BID (LOT A)

14. Payment of the balance of the purchase price for Entirety Bid (Lot A) must be by bank check, certified funds or wire transfer, and must be paid in full within five business days of the Auction Date (the "Payment Deadline"). All instruments are to be made payable to "Maltz Auctions, Inc."

15. Removal of all Lot A Assets from the NY Premises shall commence immediately after the Auction Sale, will be conducted between the hours of 8:00 a.m. and 4:00 p.m. weekdays only, and shall be completed by no later than five business days after the Payment Deadline (the "NY Removal Deadline").

16. Removal of all Lot A Assets from the MA Premises shall commence on July 20, 2018, will be conducted between the hours of 8:00 a.m. and 4:00 p.m. weekdays only, and shall be completed by no later than five business days after the Payment Deadline (the "MA Removal Deadline").

### INTELLECTUAL PROPERTY BID (LOT B)

17. Payment of the balance of the purchase price for Intellectual Property Bid (Lot B) must be by bank check, certified funds, or wire transfer, and must be paid in full within five business days of the Auction Date (the "Payment Deadline"). All instruments are to be made payable to "Maltz Auctions, Inc."

18. Within five business days of the Payment Deadline, the Trustee will execute a quitclaim deed transferring the intellectual property to the successful bidder.

### INVENTORY BIDS (LOT C, D and/or E)

19. Payment of the balance of the purchase price for Bulk Inventory Bid and/or Lot Bids (Lots C, D, and/or E) must be by bank check, certified funds or wire transfer, and must be paid within five business days of the Auction Date (the "Payment Deadline"). All instruments are to be made payable to "Maltz Auctions, Inc."

20. Removal of all Assets from the NY Premises shall commence immediately after the Auction Sale, will be conducted between the hours of 8:00 a.m. and 4:00 p.m. weekdays only, and shall be completed by no later than two business days after the Payment Deadline (the "<u>NY Removal Deadline</u>").

21. Removal of all Assets from the MA Premises shall commence on July 20, 2018, will be conducted between the hours of 8:00 a.m. and 4:00 p.m. weekdays only, and shall be completed by no later than two business days after the Payment Deadline (the "<u>MA Removal Deadline</u>").

## **ALL ASSETS**

22. In the event that any successful bidder(s) fail(s) to comply with the terms of final payment and removal as provided for herein, the Trustee reserves the right to resell the items concerned, without any notice whatsoever to the successful bidder(s) concerned. In such case, the Deposit(s) will be forfeited and any such successful bidder(s) will remain liable for any deficiency, as well as the costs and expenses incurred by such resale.

23. All Assets purchased are required to be removed by the successful bidder(s) at their own cost, risk and expense from the NY Premises and the MA Premises by the respective removal deadlines detailed above. The Trustee, the Auctioneer, the Trustee's retained professionals, and the Estate shall not have any responsibility for any assets left on the NY Premises or the MA Premises after the respective removal deadlines. Any assets left at the NY Premises or the MA Premises after the respective removal deadlines may be deemed abandoned or resold by the Trustee. The successful bidder(s) will only be authorized to remove assets purchased once full payment of the purchase price is received by the Auctioneer. If full payment is not received by the respective payment deadlines, the Deposit(s) will be forfeited by the successful bidder(s).

I have read these Terms and Conditions of Sale and agree to be bound by them.

By:_____        Date: _____
   Name:
   Address:
   Address:
   Telephone Number:
   Email Address: